**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **INTERSTATE AGREEMENT ON** |
| | ) | **DETAINERS ORDER** |
| vs. | ) | |
| | ) | |
| Darin James Tuenge, | ) | Case No. 1:12-cr-152 |
| | ) | |
| Defendant. | ) | |

August 21, 2013, the defendant appeared for his initial appearance and arraignment. Appearing on behalf of the United States was Special Assistant United States Attorney Julie Lawyer. Attorney Travis Finck was appointed as defense counsel and appeared on the defendant's behalf.

Prior to his initial appearance, defendant was incarcerated by the State of North Dakota at the James River Correctional Center ("JRCC") in Jamestown, North Dakota. After the indictment in this case was returned and an arrest warrant issued, a detainer was filed by the United States with the North Dakota prison officials. Pursuant to the Interstate Agreement on Detainers Act ("IADA"), the defendant's appearance before this court for his initial appearance and arraignment was secured by a writ of habeas corpus *ad prosequendum*.

During the hearing, the defendant was advised of his rights under the IADA to continued federal custody until the charges set forth in the indictment are adjudicated. The defendant knowingly, voluntarily, and upon advice of counsel waived the anti-shuttling provisions of the IADA and in open court and stipulated to his continued housing by the State of North Dakota (the "sending state" under the IADA) at JRCC pending trial of the charges on the indictment by the

1

United States (the "receiving state" under the IADA). The United States concurred in this stipulation.

Based on the foregoing stipulation of the defendant and the United States and the defendant's wavier of the anti-shuttling provisions of the IADA, **IT IS HEREBY ORDERED** that the defendant be housed in the "sending state" under the IADA, at JRCC pending trial of this matter or until further order of the court. Further, pursuant to the defendant's waiver, the return of the defendant to his place of incarceration pending trial shall <u>not</u> be grounds under the IADA for dismissal of the charges set forth in the indictment.

Dated this 21st day of August, 2013.

/s/ *Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court